Robinson, J.
Albert Hauser was indicted at the January term, 1919, of the court of common pleas of Hamilton county, Ohio, for murder in the first degree. The trial resulted in a conviction of the defendant as charged. Motion for a new trial was overruled and judgment entered, error prpsecuted to the court of appeals, and the verdict set aside and judgment reversed for error in giving to the jury special request to charge No. 3. At the trial the defense of insanity of the accused at the time of the commission of the crime was presented. Evidence was adduced tending to support the theory of insanity, and, at the request of the state, the court charged the jury before argument as follows:
“3. I charge you that the law presumes every man to be sane until the contrary is shown by sufficient evidence, and the law presumes further that a man possesses a sufficient degree of reason to be responsible Tor his crimes until the contrary is shown. Such proof in support of insanity must be affirmatively established by positive or circumstantial evidence which must satisfy you that he was not sane. Before you can find Albert Hauser was insane at the time he committed the crime with which he is charged, if you find that he did commit such crime, you must be satisfied by a preponderance or greater weight of the evidence, that at the time the act was committed, Albert Hauser was not capable of judging whether the act was right or wrong, or, that he didn’t know at the time that it was an offense against the laws of God and man — that he was not a free agent in forming the purpose to kill.”
*406 While this charge No. 3 was requested and given under one subhead, and appears in the record as one paragraph, it in fact consisted of two complete sentences, neither dependent for construction upon the other, and gave two complete and inconsistent rules by which the jurors were to be governed in determining the sanity or insanity of the accused. That part of the charge which reads, “Such proof in support of insanity must be affirmatively established by positive or circumstantial evidence which must satisfy you that he was not sane,” clearly and unequivocally states the quantum of evidence which the accused must furnish to sustain the defense. It placed upon him a burden beyond and greater than a probability, the burden to show, not that he was probably insane, but that he was certainly insane — the burden of furnishing evidence which would not only incline the minds of the jurors to the belief that he was insane, but would by convincing proof satisfy them of his insanity.
It has long been the settled law of Ohio in such case that no greater burden rests upon the accused than the furnishing of a preponderance. Bond v. State, 23 Ohio St., 349; Bergin v. State, 31 Ohio St., 111; Kelch v. State, 55 Ohio St., 146, and State v. Austin, 71 Ohio St., 317.
The language of the charge, “Before you can find Albert Hauser was insane at the time he committed the crime with which he is charged if you find that he did commit such crime, you must be satisfied by a preponderance or greater weight of the evidence that at the time the act was committed, Altert Hauser was not capable of judging whether the act *407 was right or wrong, or that he did not know at the time that it was an offense against the laws of God and man; that he was not a free agent in forming the purpose to kill,” was not a qualification or a modification of what had preceded, but was another independent and different rule as to the quantum of proof, and although it was substantially correct, waiving the objection to the use of the word “satisfied,” it left the jury with two inconsistent rules upon the same subject to govern them. Who can say which rule the jury followed? If they followed the rule as first given, the error was prejudicial to the accused.
It is contended by counsel for the accused that the court relied upon the authority of a footnote to Clark v. State, 12 Ohio, 483, for the doctrine enunciated in this charge, and it is contended by counsel for the state that the language of the judge rendering the opinion in the case of Kelch v. State, 55 Ohio St., 146, 151, justifies the language of the charge in the instant case, but whether authority for the doctrine of the charge be found in the language of the opinion in Kelch v. State, or in the footnote in Clark v. State, it cannot be claimed that justification therefor can be found in the syllabus in Kelch v. State, decided in 1896, nor in the opinion of Clark v. State, decided in 1843.
In 1857 or 1858 this court adopted Rule 6, which provides that the points of law decided by the court are contained in the syllabus. (94 Ohio St., preliminary page ix.)
By reason of the fact that this rule does not obtain in all jurisdictions (notably in the federal *408 court, where the opinion states the law, and the syllabus or headnote prepared by the reporter, or the editor, states a synopsis of what he conceives the court to have decided), the practitioner and the court are often misled into following the less accurate and less authoritative statement of a proposition.
If the bench and bar in the consideration of Ohio cases were to keep Rule 6 in mind, and the comparative authority of the syllabus and the opinion, the administration of the law in Ohio would more nearly approach an exact science.
Naturally the query, why then an opinion, since the court is bound only by the language of the syllabus. A satisfactory answer is difficult. However, in so far as an opinion applies the law to the facts of the case, and states the process of reasoning by which the court arrived at its judgment and its declaration of the law in the syllabus, it undoubtedly serves a useful purpose. Beyond that it may indicate rather the divergence of the opinion of the me'mber rendering the same from the judgment of the majority, and become the cradle of legal heresy and serve to befog and unsettle rather than to clarify and establish the law.
The judgment of the court of appeals is affirmed.

Judgment affirmed.

Nichols, C. J., Johnson and Avery, JJ., concur.
Jones, Matthias and Wanamaker, JJ., dissent.